1

2

3

4

5

6

7                              **UNITED STATES DISTRICT COURT**

8                                    **DISTRICT OF NEVADA**

9

10   R. KEITH MAIDMAN,                    )
                                          )
11               Plaintiff,               )         3:09-cv-00432-ECR-VPC
                                          )
12   vs.                                  )
                                          )         **ORDER**
13   KAY WEISS, *et al.*,                 )
                                          )
14               Defendants.              )
     _____ /

15

16              This a *pro se* prisoner civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff

17   filed a *pro se* civil rights complaint on June 24, 2009, in the Seventh Judicial District Court of the

18   State of Nevada in the County of White Pine.  Defendants Kay Weiss, E.K. McDaniel, and Howard

19   Skolnik were served July 8, 2009.  Defendants filed a Notice of Removal in this Court on August 6,

20   2009.  (Docket #1).  "The district courts shall have original jurisdiction of all civil actions under the

21   Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Plaintiff has alleged

22   violations of his rights under the U.S. Constitution.  This Court now reviews the complaint.  (Docket

23   #1, Exhibit B).

24   **I.  Screening Standard**

25              Pursuant to the Prisoner Litigation Reform Act (PLRA), federal courts must dismiss a

26   prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious,"

"fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II. The Instant Complaint**

Plaintiff alleges that defendants deprived him of 60 days of good time credit, thus lengthening his period of imprisonment in the Nevada Department of Corrections. Plaintiff seeks monetary relief from defendants.

When a prisoner challenges the legality or duration of his custody, or raises a

constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. denied* 11 S.Ct. 1090 (1991).  Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).  "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 488.  Plaintiff has not, and indeed, cannot allege that his conviction has been reversed or otherwise invalidated.  Plaintiff fails to state a cognizable civil rights claim.  Because amendment would be futile, this action is being dismissed with prejudice and without leave to amend.

**III.  Conclusion**

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

DATED this 8th day of July, 2010.

_____
UNITED STATES DISTRICT JUDGE